In the Matter of HARRIET W. GEHR, Appellant, against BOARD OF EDUCATION
OF THE CITY OF YONKERS et al., Respondents.—

No opinion. Carswell, Johnston and MacCrate, JJ., concur; Nolan, P. J., and
Wenzel, J., dissent and vote to reverse and to deny the motion to confirm
the report of the official referee, and to grant claimant's motion for leave to
serve the notice of claim, with the following memorandum: It must be con-
ceded, on the record presented, that the appellant was, for a time during the
ninety-day period following her accident, able to perform her duties as a
teacher to a limited extent, and that there is a sufficient basis in the evidence
for a finding that at times during that period she was neither mentally nor
physically completely incapable of stating in writing the facts and circum-
stances surrounding her accident and the other matters required to be stated
by section 50-e of the General Municipal Law. The undisputed evidence,
however, establishes that her accident resulted in a fracture of the skull
which was not discovered by the doctor whom she first consulted, and for
which she was not receiving proper treatment. This condition resulted not
only in considerable physical pain and discomfort but also in an impairment
of her mental capacity to such an extent that she was unable to integrate her
thoughts. The condition grew progressively worse until the true extent of
her injury was eventually discovered and proper treatment accorded. It can
hardly be doubted, on consideration of the evidence presented, that her
mental condition resulting from the injury was such as to impair seriously

her ability to investigate the procedure necessary to preserve her rights or to institute the proceedings necessary for that purpose. The mere fact that, at the direction of others, the claimant performed certain physical, mechanical. or perfunctory acts such as the signing of certain forms or the recitation of certain events, does not indicate a resurgence of integrated thought. If the statute is to be construed as requiring absolute mental incapacity at all times during the ninety-day period to excuse a failure to file a timely notice of claim, the order appealed from was properly made. We do not believe, however, that it should be so construed. The intention of subdivision 5 of section 50-e is clearly to permit the making of an exception in a case in which a claimant is incapacitated to such an extent that ability to comply with the provisions of the law is substantially impaired, and in which it may be fairly said that the failure to file a notice of claim was the result of such incapacity. On the undisputed evidence in this case, the appellant was so incapacitated and her application for permission to file a notice of claim after the ninety-day period should have been granted.